WILSON et al., Appellants,

v.

SAFAREK et al., Appellees.

[Cite as *Wilson v. Safarek* (1999), 131 Ohio App.3d 622.]

Court of Appeals of Ohio,
Seventh District, Columbiana County.

No. 96 CO 20.

Decided Jan. 28, 1999.

*Steven L. Faulkner* and *Anne Schaefer Magyaros,* for appellants.

*John F. Anthony,* for appellees.

---

VUKOVICH, Judge.

This is an appeal from the Columbiana County Common Pleas Court's granting of summary judgment in favor of defendants. For the following reasons, the trial court's decision is reversed.

## I. STATEMENT OF FACTS

Plaintiff-appellant Ronald L. Wilson owned real property situated at 40522 State Route 154 in Lisbon, Ohio. In January 1995, Wilson contracted with plaintiff-appellant Hal Barcey, d.b.a. Seasons Realtors, to broker the sale of this property. On or about April 25, 1995, defendant-appellees Mary Lou Safarek and Kenneth Walters contacted Barcey and inquired about purchasing the property. Safarek and Walters toured and inspected the property on at least two occasions.

On April 27, 1995, Wilson, Safarek, and Walters met. Safarek and Walters were asked if they would prefer to conduct negotiations at the real estate office, but because they were anxious to execute the agreement, they declined. Safarek and Walters received and reviewed a residential property disclosure form, which was completed by Wilson pursuant to the requirements of R.C. 5302.30. Safarek acknowledged receipt of the disclosure by signing and dating it and then returned the form to Wilson. Neither Safarek nor Walters retained a copy of the disclosure form at that time because, since they had declined to go to the real estate office, there was no copy machine at the meeting place.

Immediately thereafter, the purchase agreement was completed and executed by Wilson, Safarek, and Walters.

Following that meeting, Safarek's insurance agent conducted an appraisal of the property. The insurance agent discovered that the driveway from the main road to Wilson's property was not maintained by the county or township and was actually a private drive owned by a neighbor. Safarek and Walters then informed Wilson that they no longer desired to purchase the property. They indicated that had they known the facts about the drive, they never would have signed the purchase agreement. The status of the drive was not mentioned in the disclosure form. It was not, however, statutorily required to be disclosed.

On May 7, 1995, Wilson sent a letter to Safarek and Walters indicating that he expected them to complete the transaction. On May 10, 1995, Safarek and Walters received a copy of the disclosure form from Seasons Realtors. On May 13, 1995, Safarek and Walters delivered a written notice of rescission to Wilson and Barcey and demanded a return of their $500 deposit.

Wilson and Barcey did not return the deposit and instead filed this suit. Cross-motions for summary judgment were filed. The trial court granted summary judgment in favor of Safarek and Walters. Wilson and Barcey filed this timely appeal.

## II. ASSIGNMENT OF ERROR AND APPLICABLE STATUTE

Appellants' sole assignment of error alleges:

"The trial court erred by granting Defendants–Appellees summary judgment on the basis that Plaintiffs–Appellants failed to comply with the requirements of R.C. 5302.30 et seq., and as such, the remedy of recision as permitted therein was available to Defendants–Appellees."

Appellants question whether R.C. 5302.30 confers a right of rescission to a buyer of residential property who receives and executes a valid residential property disclosure form prior to signing a purchase agreement but does not contemporaneously retain a copy of the disclosure form.

R.C. 5302.30 states:

"(B)(1) * * * For purposes of this section, a transfer occurs when the initial contract for transfer is executed * * *.

"* * *

"(C) * * * [E]very person who intends to transfer residential real property * * * shall complete all applicable items in a property disclosure form * * * and shall deliver * * * a signed and dated copy of the completed form to each prospective transferee or his agent as soon as is practicable.

"* * *

"(H) * * * [E]very prospective transferee of residential real property who receives in accordance with division (C) of this section a signed and dated copy of a completed property disclosure form * * * shall acknowledge his receipt of the form by doing both of the following:

"(1) Signing and dating a copy of the form;

"(2) Delivering a signed and dated copy of the form to the transferor or his agent or subagent.

"* * *

"(K)

"(2) * * * *[I]f a transferee of residential real property that is subject to this section receives a property disclosure form * * * after the transferee has entered into a transfer agreement with respect to the property, the transferee, after his receipt of the form or amendment, may rescind the transfer agreement * * *.*

"(3)(a) * * * [R]escission of a transfer agreement under division (K)(2) of this section may only occur if the transferee's written, signed, and dated document of rescission is delivered to the transferor or his agent or subagent within three business days following the date on which the transferee or his agent receives the property disclosure form * * *.

"* * *

"(d) *A rescission of a transfer agreement is not permissible under division (K)(2) of this section if a transferee of residential real property that is subject to this section receives a property disclosure form * * * prior to the transferee's submission to the transferor or his agent or subagent of a transfer offer and [prior to] the transferee's entry into a transfer agreement with respect to the property.*" (Emphasis added.)

More specifically, if a buyer receives the disclosure form before executing the transfer agreement, then the buyer is aware of the various disclosures required by statute before he decides to make the purchase. These disclosures deal with material matters concerning the physical condition of the property, such as the source of water, the condition of the roof, and the presence of hazardous conditions. If a buyer executes the transfer agreement and then receives a disclosure form, he has the right to rescind the transfer agreement within three days after receipt because his decision to purchase may be altered by the disclosures.

As a result, the single question in the case at bar is: When did Safarek and Walters receive the property disclosure form? The parties do not dispute that Safarek and Walters reviewed the completed disclosure form on April 27, 1995. Safarek read the disclosure form, signed the acknowledgment section, and

returned it to Wilson prior to entering into the purchase agreement. Safarek and Walters did not retain a copy of the form because they chose to negotiate at a place that lacked a copy machine. That same day, Safarek and Walters entered into the purchase agreement.

Safarek and Walters argue that the signed and dated copy of the disclosure form received by them on May 10 was the copy referred to in R.C. 5302.30(C). Wilson and Barcey argue that the "copy of the signed and dated form" referred to in section (C) is the copy that Safarek and Walters received on April 27, just prior to entering the purchase agreement. Wilson and Barcey then conclude that the attempted rescission by Safarek and Walters was invalid pursuant to R.C. 5302.30(K)(3)(d), which disallows rescission if the disclosure form was delivered to the buyers before the purchase agreement.

### III. ANALYSIS

■ "It is a cardinal rule of statutory construction that where the terms of a statute are clear and unambiguous, the statute should be applied without interpretation." *Wingate v. Hordge* (1979), 60 Ohio St.2d 55, 58, 14 O.O.3d 212, 214, 396 N.E.2d 770, 772. See, also, *Storer Communications, Inc. v. Limbach* (1988), 37 Ohio St.3d 193, 194, 525 N.E.2d 466, 467–468. Because the language of R.C. 5302.30, as set forth above, is clear and unambiguous, we are concerned only with application.

A transfer occurs when the initial contract for transfer is executed, regardless of when legal title is transferred. R.C. 5302.30(B). In this case, the transfer occurred on April 27, 1995, the date that the purchase agreement was signed.

■ Wilson, as seller, was required to complete a property disclosure form and deliver a signed and dated copy of the completed form to Safarek and Walters. See R.C. 5302.30(C). Wilson complied with this requirement on April 27, 1995, before the purchase agreement was signed. Safarek then signed and dated the form, which acknowledged receipt, and returned the signed form to Wilson that same day. These actions portray delivery of the form to the buyers as contemplated by the clear meaning of the statute.

After delivery by Wilson and return by Safarek and Walters, the parties executed the purchase agreement. Pursuant to R.C. 5302.30(K)(3)(d), rescission of the transfer agreement is not permissible if the transferee receives the disclosure form prior to entering a transfer agreement. This is precisely what happened in this case. Therefore, rescission was not possible since Safarek and Walters received the residential property disclosure form from Wilson prior to entering into the transfer agreement. This is a factual matter that is not in dispute.

Accordingly, there exists no genuine issue of material fact, and summary judgment was a proper vehicle to dispose of the rescission issue pursuant to Civ.R. 56(C). However, for the reasons set forth above, summary judgment should not have been granted in favor of Safarek and Walters allowing rescission, but rather it should have been granted in favor of Wilson and Barcey disallowing rescission.

Safarek and Walters may have other avenues of recourse available, such as their counterclaim alleging fraudulent misrepresentation. See R.C. 5302.30(L) (stating that whether or not rescission is permitted, other legal causes of action are not precluded). They cannot, however, rely on R.C. 5302.30 to accomplish that end.

The trial court's granting of summary judgment for Safarek and Walters permitting rescission is reversed, and summary judgment is hereby rendered for Wilson and Barcey, plaintiffs-appellants.

*Judgment reversed.*

GENE DONOFRIO, P.J., and COX, J., concur.