OPINION
{¶ 1} This accelerated calendar appeal, submitted on the briefs of the parties, arises from the Lake County Court of Common Pleas wherein appellant, Pamela J. Chamar, appeals a summary judgment ruling by the trial court. Appellees were jointly represented by counsel when their brief was filed, but their counsel subsequently withdrew.
 {¶ 2} On October 28, 2001, Chamar was shown a residential property in Mentor, Ohio owned by Daniel and Sharon Schivitz. Chamar viewed the property accompanied only by her real estate agent. Chamar examined the residence, including the basement. Chamar noted that the basement floor was covered with new carpet and the walls appeared to be recently remodeled, with new drywall, paint, and molding.
 {¶ 3} On October 31, 2001, Chamar was presented with an Ohio Residential Property Disclosure Form, which had been executed by the Schivitzs. Within the form, the Schivitzs indicated that: (1) they were not aware of any water leakage, water accumulation, excess dampness, or other defects in the basement; (2) they were not aware of any moving, shifting, deterioration, material cracks, or other material problems with the home's foundation, floors, or exterior/interior walls; and (3) they were not aware of any current flooding, drainage, settling, or grading problems affecting the property.
 {¶ 4} Chamar acknowledged and signed the disclosure form and subsequently entered into a real estate purchase agreement with the Schivitzs on November 4, 2001. After closing and title transfer, Chamar subsequently moved into the residence in December 2001. In early January 2002, Chamar asserts "pipe joints separated, causing water to run continuously." Chamar contends this led to flooding in an upstairs bathroom followed by water running into the basement ceiling, down the basement walls, and causing basement flooding. Chamar also contends that the upstairs bathroom flooding caused the living room ceiling to cave in. Moreover, upon further inspection of the basement, Chamar noted that drywall had been installed over existing drywall, and ceiling tile had been installed over ceiling tile. Chamar also noted that there were standing pools of water under the basement carpet that were covered with plywood.
 {¶ 5} Chamar filed suit in the Lake County Court of Common Pleas on February 13, 2002, for fraudulent nondisclosure and rescission regarding the purchase of the property. The Schivitzs filed an answer on April 29, 2002, asserting the affirmative defenses of assumption of the risk and caveat emptor. The Schivitzs subsequently filed a motion for summary judgment on September 25, 2002, which was granted by the trial court. In its judgment entry, the trial court noted that Chamar's fraudulent nondisclosure claim was barred, as a matter of law, by the "as is" clauses set forth in the purchase agreement. The court also ruled that Chamar's rescission claim was barred, as a matter of law, by R.C. 5302.30(K)(3)(d), because Chamar signed the disclosure form prior to entering into the purchase agreement.
 {¶ 6} Chamar subsequently filed this appeal, citing a single assignment of error:
 {¶ 7} "The trial court erred in granting defendant-appellees' motion for summary judgment."
 {¶ 8} Chamar contends that a material issue of fact remains as to whether the Schivitzs failed to disclose the information known only to them regarding the basement water problems and that the "as is" clause should not prevent liability when the Schivitzs failed to disclose the defects.
 {¶ 9} An appellate court reviews an entry of summary judgment de novo.[1] Pursuant to Civ.R. 56(C), summary judgment is proper when no genuine issue of material fact remains, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party.[2]
 {¶ 10} Chamar's complaint asserted causes of action in both fraudulent nondisclosure and rescission. Turning to Chamar's fraudulent nondisclosure claim, she asserts that summary judgment was not proper, as a material fact remains whether the Schivitzs failed to disclose information known only to them regarding the basement condition and that the Schivitzs intended to deceive and defraud Chamar by concealing the defects.
 {¶ 11} An "as is" clause in a real estate agreement can relieve the seller from any duty to disclose latent defects.[3] Section 1 of the purchase agreement at issue stated that Chamar, the buyer, was "willing to accept [the subject property] `AS IS' in its present physical condition[.]" Moreover, Section 11 of the purchase agreement states "PURCHASER has examined the property and agrees that the property is being purchased in its `AS IS' present physical condition[.]"
 {¶ 12} It is well-settled in Ohio that an "as is" clause in a real estate purchase agreement bars a claim of fraudulent nondisclosure, but not claims of fraudulent misrepresentation or fraudulent concealment.[4] Once the buyer agrees to purchase the property "as is", in its present physical condition, the seller has no duty to disclose latent defects.[5]
 {¶ 13} In her initial complaint, Chamar asserted only claims of fraudulent nondisclosure and rescission. "`To prevail upon a claim of fraudulent misrepresentation, the injured party must establish justifiable reliance upon the representations made by the defendants.'"[6] To prevail upon a claim of fraudulent concealment, the injured party must establish: (1) actual concealment of a material fact; (2) with knowledge of the fact concealed; (3) and intent to mislead another into relying upon such conduct; (4) followed by actual reliance thereon by such other person having the right to so rely; (5) and with injury resulting to such person because of such reliance.[7]
 {¶ 14} Chamar does not assert fraudulent misrepresentation, nor does she claim the Schivitzs engaged in fraudulent concealment, neither of which would be affected by the "as is" clauses contained within the purchase agreement. Instead, Chamar's claim of fraudulent nondisclosure asserts only that the Schivitzs failed to disclose information known only to them; that the representations were material to Chamar in deciding whether to purchase the property; and that the nondisclosure was done to induce Chamar to purchase the property.
 {¶ 15} Chamar signed the purchase agreement and acknowledged within the agreement that she had examined the property. Chamar acknowledged that she was waiving the option of having a home inspection performed on the property prior to completion of the sale. Moreover, Chamar asserts in her complaint that the pipe separation, which led to the bathroom and subsequent basement flooding, occurred after title transfer. A pipe separation occurring subsequent to the title transfer cannot be deemed a latent defect existing prior to the sale. Secondly, Chamar did not present sufficient evidence demonstrating that the Schivitzs attempted to conceal any previous water problems. Thus, Chamar has failed to establish that the Schivitzs were aware of any latent defects present at the time of the purchase, which were the proximate cause of the basement water damage.
 {¶ 16} Therefore, we conclude that the trial court did not err in ruling, as a matter of law, that Chamar's fraudulent nondisclosure claim was barred by the "as is" clauses contained within the purchase agreement.
 {¶ 17} We turn next to Chamar's rescission claim. In granting summary judgment in favor of the Schivitzs, the trial court held that Chamar's claim for rescission is barred by R.C.5302.30(K)(3)(d).
 {¶ 18} R.C. 5302.30(K)(3)(d), governing rescission of a real estate purchase agreement, states:
 {¶ 19} "A rescission of a transfer agreement is not permissible under division (K)(2) of this section if a transferee of residential real property that is subject to this section receives a property disclosure form as prescribed under division (D) of this section or an amendment of that form as described in division (G) of this section prior to the transferee's submission to the transferor or his agent or subagent of a transfer offer and the transferee's entry into a transfer agreement with respect to the property."
 {¶ 20} Thus, when a buyer receives a residential property disclosure form prior to executing a title transfer agreement, rescission is not an available remedy. The Seventh Appellate District addressed this issue in Wilson v. Safarek.[8] InWilson, the appellate court reversed the entry of summary judgment in favor of the buyers, which had permitted rescission of the purchase agreement. The court held that, where, as in this case, a property disclosure form had been executed prior to the transfer agreement, rescission of the transfer agreement is not possible, pursuant to R.C. 5302.30(K)(3)(d). The court noted, "if a buyer receives the disclosure form before executing the transfer agreement, then the buyer is aware of the various disclosures required by statute before he decides to make the purchase."[9]
 {¶ 21} We find the rationale from Wilson to be persuasive in this case. Chamar received and acknowledged the property disclosure form prior to the sale. She signed it and subsequently entered into the purchase agreement, also acknowledging that she was waiving her right to any further home inspections prior to closing. Thus, Chamar bore the risk of accepting the property "as is" without any further inspection. The subsequent pipe separation was not revealed within the disclosure form. However, as noted above, a pipe separation occurring subsequent to title transfer is not a latent defect that the Schivitzs had a duty to disclose.
 {¶ 22} Therefore, based on the foregoing, we find that Chamar's assignment of error is not well-taken. The judgment of the trial court is affirmed.
Judgment affirmed.
Grendell and Rice, JJ., concur.
[1] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105.
[2] Berkheimer v. Arrow's Home and Energy Ctr., Inc. (Apr. 14, 1989), 11th Dist. No. 13-064, 1989 Ohio App. LEXIS 1382, at *5.
[3] Kopp v. Yingling (Aug. 26, 1994), 11th Dist. No. 93-G-1811, 1994 Ohio App. LEXIS 3749, at *10, quotingBagdasarian v. Lewis, supra, at *5.
[4] Kimball v. Duy, 11th Dist. No. 2002-L-046, 2002-Ohio-7279, at ¶ 20; McCann v. Anastasio (Oct. 5, 2001), 11th Dist. No. 2000-P-0078, 2001 Ohio App. LEXIS 4514, at *4;Pickard v. Provens (July 12, 2000), 9th Dist. No. 19408, 2000 Ohio App. LEXIS 3076, at *10.
[5] Kimball, at ¶ 19.
[6] Id. at ¶ 23, quoting Massa v. Genco (Mar. 1, 1991), 11th Dist. No. 89-L-14-162, 1991 Ohio App. LEXIS 867, at *7.
[7] (Citations omitted.) Bagdasarian v. Lewis (June 4, 1993), 11th Dist. No. 92-L-171, 1993 Ohio App. LEXIS 2881, at *6-7.
[8] Wilson v. Safarek (1999), 131 Ohio App.3d 622.
[9] Id. at 625.