JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Elizabeth L. Gee ("Gee"), appeals from the decisions of the trial court that denied her motion for default judgment and granted defendants-appellees, Jian P. Sun ("Sun") and Man P. Kwong's ("Kwong") (collectively referred to as "appellees"), motion for summary judgment on Gee's claims against them that arose from Gee's purchase of residential property from Sun. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} In 2005, Gee purchased from Sun residential property located on Richmond Road in Richmond Heights, Ohio (the "property"). Sun had owned the property since May 20, 2004 but claimed she had never resided in it.
 {¶ 3} Sun listed the Property for sale in December 2004. She completed the Residential Property Disclosure Form required by the State of Ohio and indicated on it that she did not know of any problems with the sewer system and had no knowledge of any recent or proposed assessments that could affect the Property. This document was initialed by Gee and made part of the sales transaction. (R. 21, Ex. D, ¶ 11)
 {¶ 4} After Gee had purchased the Property, she learned that the City of Richmond Heights (the "City") had approved a sewer assessment that affected it. Gee received a notice on August 29, 2006 that the City had adopted a resolution on November 29, 2005 to improve properties by constructing sanitary sewers with connections at an estimated assessment cost of $13,375.44. (R. 21, Ex. G.) The assessment applied to the property Gee had purchased *Page 4 
from Sun. Gee maintains that the City had been notifying all residents of the subject sewer assessment beginning in 2001.
 {¶ 5} Gee appeals from both the trial court's decision that denied her motion for default judgment and the order that granted appellees' motion for summary judgment. We will address the assignments of error in the order they were presented.
 {¶ 6} "I. The trial court erred in denying the plaintiff-appellant's motion for default judgment."
 {¶ 7} The trial court's ruling on a motion for default judgment is reviewed under the abuse of discretion standard. Deutsche Bank Trust Co.Ams. v. Smith, Cuyahoga App. No. 89738, 2008-Ohio-2778, ¶ 30. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} Civ. R. 55(A) provides:
 {¶ 9} "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for *Page 5 
judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall, when applicable, accord a right of trial by jury to the parties."
 {¶ 10} In this case, Gee filed her complaint on November 28, 2006. Service was perfected on Sun and Kwong on December 8, 2006 and December 12, 2008 respectively. On January 3, 2007, these parties, through their attorney, responded with a motion for a more definite statement. Both parties attended the case management conference. However, after the trial court denied appellees' motion for a more definite statement, Gee moved for default judgment. Five days later, appellees' moved for leave to file their answer instanter, which the trial court granted. Under these circumstances, the trial court acted within its discretion when it denied Gee's motion for default judgment.
 {¶ 11} Civ. R. 6(B)(2) allows the trial court to grant an extension for filing an answer upon a showing of excusable neglect. "A trial court's Civ. R. 6(B)(2) determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion." State ex rel. Lindenschmidt v. Butler Cty. Bd. ofCommrs. (1995), 72 Ohio St.3d 464, 465. "Neglect under Civ. R. 6(B)(2) has been described *Page 6 
as conduct that falls substantially below what is reasonable under the circumstances." Davis v. Immediate Medical Services, Inc. (1997),80 Ohio St.3d 10 (other citations omitted).
 {¶ 12} "The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits where possible, rather than procedural grounds. Marion Production Credit Assn. v. Cochran (1988),40 Ohio St.3d 265, 271." Lindenschmidt, supra at 466. "Although excusable neglect cannot be defined in the abstract, the test for excusable neglect under Civ. R. 6(B)(2) is less stringent than that applied under Civ. R. 60(B)."[1] Id.
 {¶ 13} Appellees' answer was due under the Civil Rules on February 1, 2007. See Civ. R. 12(A)(2). On February 27, 2007, appellees' submitted their motion for leave to file an answer instanter, which was 26 days out of rule. Civ. R. 12(A)(2). In Evans v. Chapman (1986),28 Ohio St.3d 132, the Ohio Supreme Court granted leave ex parte to file an answer that was 36 days out of rule, a longer period of default than was involved here. While some showing of excusable neglect is necessary where a motion for default is pending, courts have found it within the trial court's sound discretion to find counsel's neglectfulness or clerical *Page 7 
errors (as reasons for the delay) to be just cause for denying a motion for default. E.g., id.; see, also, Speaks v. Anderson (Jan. 21, 1988), Franklin App. No. 87AP-780. In this case, appellees appeared in the action, filed a timely responsive motion to the complaint, and appeared at the case management conference. Considering all the facts and circumstances, the trial court did not abuse its discretion by denying Gee's motion for default judgment.
 {¶ 14} This assignment of error is overruled.
 {¶ 15} "II. The trial court erred in granting the defendants-appellees' motion for summary judgment."
 {¶ 16} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. De novo review means that this Court uses the same standard that the trial court should have used, and we examine the evidence to determine if, as a matter of law, no genuine issues exist for trial.Brewer v. Cleveland City Schools (1997), 122 Ohio App.3d 378, citingDupler v. Mansfield Journal (1980), 64 Ohio St.2d 116, 119-120.
 {¶ 17} Summary judgment is appropriate where it appears that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v.Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ. R. 56(C). *Page 8 
 {¶ 18} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107; Civ. R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 19} Gee contends that the trial court erred by granting summary judgment on her claims for breach of contract, fraud, negligence or failure to disclose, and rescission due to alleged misrepresentations contained in the statutory residential property disclosure form required by R.C. 5302.30.
 {¶ 20} However, it is undisputed that Sun completed the form and that Gee received, signed and dated it prior to the transfer of the property. Accordingly, Gee's claim for rescission fails as a matter of law. See R.C. 5302.30(K)(3)(d); see, also, Wilson v. Safarek (1999),131 Ohio App.3d 622.
 {¶ 21} With respect to the remaining claims, R.C. 5302.30(F)(1) provides:
 {¶ 22} "A transferor of residential real property is not liable in damages in a civil action for injury, death, or loss to person or property that allegedly arises from any error in, inaccuracy of, or omission of any item of information required to be disclosed in the property *Page 9 
disclosure form if the error, inaccuracy, or omission was not within the transferor's actual knowledge."
 {¶ 23} Thus, the proper inquiry is whether appellees had actual knowledge not whether they "should have known" about the sewer assessment. Id.
 {¶ 24} The evidence construed in a light most favorable to Gee does not create any genuine issue of material fact concerning appellees' alleged actual knowledge of any proposed sewer assessments at the time Sun completed the Residential Property Disclosure form in December 2004.
 {¶ 25} Sun purchased the property from Sheriffs sale in May 2004. There was no mailbox at the property at that time. She installed a mailbox months after purchasing the property. Sun avers that she had no notice of any proposed sewer assessments from the City of Richmond Heights.
 {¶ 26} Gee submitted an affidavit of the Assistant Director of Recreation for the City of Richmond Heights, who averred that he had included information regarding the projected dates for sewer projects in the City's newsletters mailed to the residences and businesses in Richmond Heights in Winter and Spring 2004; Summer 2004; Fall 2004; and Winter and Spring 2005. Sun owned the property at the time these newsletters were circulated. The newsletters are included in the record and do contain projected dates for sewer projects in the City. However, none of the newsletters contain any information or notice of any proposed assessments. Nor did the Assistant Director make any indication that information about the *Page 10 
sewer assessments had been circulated to property owners during the stated time period. Even construing the evidence in a light most favorable to Gee by presuming Gee received and read the newsletters, they would not create actual knowledge of the proposed sewer assessment.
 {¶ 27} Further, the record reflects that Gee received a "notice to property owner" on August 29, 2006, about the estimated assessment for the sewer project, which affected the property. There is no evidence that any prior notices were mailed to the property or that appellees had any notice of the proposed assessment.
 {¶ 28} When the evidence is construed in a light most favorable to Gee there is no genuine issue of material fact as to whether appellees had actual knowledge of the subject sewer assessments when Sun completed the residential property disclosure form. Accordingly, the trial court did not err by granting appellees' motion for summary judgment.
 {¶ 29} This assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 11 
KENNETH A. ROCCO, J., and CHRISTINE T. McMONAGLE, J., CONCUR
[1] For this reason, Gee's reliance on Vanest v. Pillsbury Co. (1997),124 Ohio App.3d 525, which concerned a motion filed under Civ. R. 60(B), is misplaced. Likewise, Davis v. Immediate Medical Services, Inc.
(1997), 80 Ohio St.3d 10 is distinguishable. In Davis, a party failed to answer an amended complaint for a period of 13 months. While the attorney claimed he did not know of the amended complaint until two days prior to trial, the record indicated that service had been properly perfected on the named party's statutory agent 13 months before trial and the certificate of service attached to the amended complaint indicated it had also been served by mail on the named party's attorney. *Page 1