OPINION
{¶ 1} In this accelerated calendar case, appellants, Martin and Monica R. Waleszewski ("the Waleszewskis"), appeal from the judgment entered by the Lake County Court of Common Pleas. The trial court granted a motion for summary judgment filed by appellees, Curtis R. and Joann Angstadt ("the Angstadts").
 {¶ 2} The Angstadts owned a home on Doral Drive in Mentor, Ohio. In 2000, the Waleszewskis agreed to purchase the Angstadts' residence. A purchase agreement was executed, outlining the conditions of the sale of the property. The purchase agreement contained the following language:
 {¶ 3} "Seller's representations. Seller warrants and represents that there are no material damages, defects, inoperable or unsafe conditions affecting the property and known to seller and specifically Seller knows of no seepage in the basement or termites."
 {¶ 4} Prior to purchasing the home, the Waleszewskis toured the home on several occasions. On one of the visits, the Waleszewskis asked Mr. Angstadt whether there was any water seepage in the basement. He responded that the basement was damp and that a dehumidifier had been used to correct the dampness problem.
 {¶ 5} The Waleszewskis hired Castle Enterprises to conduct a professional inspection of the premises. The inspection did not reveal any water seepage in the basement. However, the inspection did note that there were vertical cracks in the basement walls.
 {¶ 6} The Waleszewskis took possession of the house in August 2000. In December 2000, and again in February 2001, the Waleszewskis noticed water in their basement. Mrs. Waleszewski called Mr. Angstadt about the water, and he assured her that there were no prior water problems in the basement. The Waleszewskis then contacted a landscaper about the problem. The landscaper informed them the problem was not with the grading and advised them to call a basement waterproofing company.
 {¶ 7} The Waleszewskis called A-Action Basement Waterproofing. The company sent Mike Iacovone to the home to inspect the residence. Mr. Iacovone participated in digging test holes on the property. These test holes revealed that the drain tile surrounding the residence was completely clogged. However, the drain to the street was unclogged. Based on the clogging and an inspection of the basement, Mr. Iacovone stated that he believed that the basement had been having water seepage for three to four years prior to his report, dated May 2001.
 {¶ 8} The Waleszewskis filed this action, alleging intentional or fraudulent concealment and/or misrepresentation of hidden defects. The Angstadts filed a motion for summary judgment. The trial court granted the Angstadts' motion, finding that the Angstadts had not fraudulently concealed any water seepage problems and that the water seepage was open and obvious, so the Waleszewskis were put on notice of any seepage pursuant to the doctrine of caveat emptor.
 {¶ 9} The Waleszewskis have timely appealed the judgment of the trial court. On appeal, they raise the following assignment of error:
 {¶ 10} "The trial court erred in granting defendants' motion for summary judgment."
 {¶ 11} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] In addition, based on the evidence presented and stipulations, reasonable minds can come to only one conclusion, which is adverse to the non-moving party.[2] The standard of review for the granting of a motion for summary judgment is de novo.[3]
 {¶ 12} The following elements need to be met in order to succeed on a claim of fraudulent concealment:
 {¶ 13} "(1) a representation * * * or concealment of fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance."[4]
 {¶ 14} Attached to their response to the Angstadts' motion for summary judgment, the Waleszewskis submitted a copy of the transcript of Mr. Angstadt's deposition. In that deposition, Mr. Angstadt stated that he painted the walls twice. The second time occurred in 1997. He used a paint designed for basement, cinderblock walls. Mr. Angstadt admitted that he applied the paint thicker towards the bottom of the walls.
 {¶ 15} The Waleszewskis also submitted an affidavit from Mr. Iacovone. Therein, Mr. Iacovone states that it is his belief that the basement had been leaking for three to four years prior to the inspection, in May 2001.
 {¶ 16} The Waleszewskis were entitled, as the non-moving party, to have all evidence construed most strongly in their favor.[5] While the expert's opinion did not prove that the Angstadts had knowledge of the seepage in the basement, it did contradict the Angstadts' sworn statements. The opinion established that there was a genuine issue of material fact on this issue.
 {¶ 17} Mr. Angstadt painted the basement walls in 1997. He stated that he applied the paint thicker near the base of the walls. Likewise, these facts, when construed in the Waleszewskis' favor, indicate that the painting could have been performed to conceal or correct a water seepage problem. Thus, there are genuine issues of material fact that need to be determined regarding the fraudulent misrepresentation claim.
 {¶ 18} The trial court also found that the Waleszewskis were barred from recovery due to the doctrine of caveat emptor. Caveat emptor has classically meant, "let the buyer beware."[6]
 {¶ 19} "The doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor."[7]
 {¶ 20} The Waleszewskis state that they had an unimpeded opportunity to examine the house. Thus, the second prong of the above test has been met.
 {¶ 21} The first prong requires that the condition be open and obvious. All of the parties agreed that the basement was dry during the Waleszewskis' viewings of the home and during the professional home inspection. The home inspection report from Castle Enterprises reveals that the basement walls were "covered or visibility limited." In addition, during one of the visits, the Waleszewskis specifically asked Mr. Angstadt if there were any problems with water seepage, and he assured them there were none. There is a genuine issue of material fact as to whether the water problems were open and obvious.
 {¶ 22} Even assuming that the condition was open and obvious, there was evidence presented that, when strongly construed in favor of the Waleszewskis, suggests that the Angstadts intentionally concealed the water seepage problem and directly misrepresented the fact that there had been water seepage in the basement. Such actions would constitute fraud on the part of the Angstadts, which prevents disposition of this case under the doctrine of caveat emptor.
 {¶ 23} Finally, the Angstadts argue that there was an "as is" clause in the purchase agreement. However, an "`as is' clause does not prevent liability when the seller makes a fraudulent representation or concealment."[8] Again, the Waleszewskis presented evidence that suggested (1) the basement had been leaking for three to four years; (2) the Angstadts told them there were no water problems in the basement; and (3) when the Angstadts painted the basement walls, they applied the paint thicker near the bottom of the walls. Taken together, and construed most strongly in favor of the Waleszewskis, this evidence indicates that the Angstadts fraudulently represented, and concealed, the water problems in the basement. Thus, the "as is" clause does not protect the Angstadts from liability in a summary judgment exercise.
 {¶ 24} The facts before the trial court, when combined and construed in favor of the Waleszewskis, tend to show that the Angstadts may have known of the water seepage in their basement and attempted to conceal it from the Waleszewskis. These are genuine issues of material fact that need to be determined by a trier of fact. Accordingly, the trial court erred by granting the Angstadts' motion for summary judgment.
 {¶ 25} The Waleszewskis' assignment of error has merit.
 {¶ 26} The judgment of the trial court is reversed. This matter is remanded for further proceedings consistent with this opinion.
Donald R. Ford, P.J., and Cynthia Westcott Rice, J., Concur.
[1] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[2] Civ.R. 56(C).
[3] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
[4] (Citations omitted). Black v. Cosentino (1996), 117 Ohio App.3d 40,44, see, also, Pasqualone v. Strauss (Dec. 17, 1993), 11th Dist. No. 92-L-174, 1993 Ohio App. LEXIS 6062, at *9.
[5] Civ.R. 56(C).
[6] Layman v. Binns (1988), 35 Ohio St.3d 176, 177.
[7] Id. at syllabus, following Traverse v. Long (1956),165 Ohio St. 249.
[8] Felker v. Schwenke (1998), 129 Ohio App.3d 427, 430-431, citingKaye v. Buehrle (1983), 8 Ohio App.3d 381; Dennison v. Koba (1993),86 Ohio App.3d 605; and Black v. Cosentino, supra.