[Cite as *Damoulakis v. Drew*, 2015-Ohio-5345.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| MARC H. DAMOULAKIS, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2015-P-0035** |
| JOHN H. DREW, JR., et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2014 CV 00666.

Judgment: Affirmed.

*Daniel S. White,* Daniel S. White, Esq., 34 Parmelee Drive, Hudson, OH 44067 (For Plaintiff-Appellant).

*Harry A. Tipping* and *Nathan B. Zion,* Stark & Knoll Co., L.P.A., 3475 Ridgewood Road, Akron, OH 44333-3163 (For Defendants-Appellees).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Marc H. Damoulakis, appeals from the judgment of the Portage County Court of Common Pleas, granting summary judgment in favor of appellees, John H. Drew, Jr., et al. We affirm.

{¶2} In late 2013, the appellant and appellees entered negotiations for appellant to purchase the home located at 675 Wheatfield Drive, Aurora, Ohio. On November 2, 2013, appellees submitted a residential property disclosure form, in which

they denied knowledge of "any previous or current water leakage, water accumulation, excess moisture or other defects to the property, including but not limited to any area below grade, basement, or crawl space." Appellees further denied knowledge of "any water or moisture related damage to floors, walls or ceilings as a result of flooding; moisture seepage; moisture condensation; ice damming; sewer overflow/backup; or leaking pipes, plumbing fixtures, or appliances." They also denied knowledge of "any previous or current movement, shifting, deterioration, material cracks/settling (other than visible minor cracks or blemishes) or other material problems with the foundation, basement/crawl space, floors, or interior/exterior walls." Finally, appellees denied knowledge of "any previous or current flooding, drainage, settling or grading or erosion problems affecting the property."

{¶3} On February 7, 2014, the parties entered a purchase agreement for the home. The agreement set forth various standard terms and conditions. One such term afforded appellant the right to inspect the property before final purchase. That provision stated:

> {¶4} This AGREEMENT shall be subject to the following inspection(s) by a qualified inspector of BUYER's choice within the specified number of days from the formation of binding AGREEMENT. BUYER assumes sole responsibility to select and retain a qualified inspector for each requested inspection * * *. Buyer understands that all real property and improvements may contain defects and conditions that are not readily apparent and which may affect a property's use or value. * * * Buyer acknowledges that it is BUYER's own duty to exercise reasonable care to inspect and make diligent inquiry of the SELLER or BUYER's inspectors regarding the condition and systems of the property.

{¶5} In light of the inspection provision, the agreement afforded appellant three options. Appellant could (1) remove the inspection contingency and accept the property

2

"as is;" (2) accept the property subject to appellees agreeing to have specific items, that were either previously disclosed in writing by appellees or identified in a written inspection report, repaired by a qualified contractor at appellees' expense; or (3) terminate the agreement if the written inspection report identifies material latent defects not previously disclosed in writing by appellees.

{¶6} Appellant enlisted Greg Kolar of Keystone Home Inspection to conduct the inspection and prepare a written report of his findings. After finalizing his inspection, Kolar's report indicated the home had been damaged in various areas by moisture. In a section of the report captioned "MAJOR CONCERNS," or "item(s) that have failed or have potential of failing soon," Kolar noted:

> {¶7} "BASEMENT DRAINAGE: All 4 foundation walls showed signs of previous moisture. Stains found under sanitary line, under well entry line, rear window pit and front (south) wall. The south wall was found to have efflorescence, stains and wood rot above. Moisture levels were found to be under 5% throughout. Recommend consulting with seller as to past issue and remedy taken. If no correction has taken place recommend follow up with qualified contractor."

{¶8} Notwithstanding Kolar's inspection report, appellant closed on the home on March 7, 2014. On that date, he signed an "Amendment to Purchase Agreement and Removal of Concurrency/Contingencies," which unconditionally removed all inspection contingencies. The document was an amendment to the original contract and, as such, specifically stated "all other terms and conditions of the purchase agreement to remain in full force and effect. Hence, by signing the amendment, appellant purchased the property "as is" and waived the option of terminating the purchase agreement.

3

{¶9}    After taking possession of the property, appellant noticed certain problems in the home relating to moisture accumulation.  He subsequently filed a complaint in the Portage County Court of Common Pleas alleging fraudulent inducement, fraud, and mutual mistake of fact.  Appellant claimed the property contained hidden, latent defects which were not ascertainable by him prior to the purchase, in spite of the inspection.  He asserted appellees painted and caulked certain damaged areas thereby concealing the problems.  Appellant contended he relied upon appellees' statements in their residential disclosure form; and, had he been made aware of the problems, he would not have purchased the home.

{¶10}  Appellees filed their answer and subsequently moved for judgment on the pleadings or, in the alternative, for summary judgment.  In their motion, appellees pointed out that even though appellant had the property inspected and the inspection revealed problems relating to moisture damage and related issues, appellant elected to ignore these points and elected to purchase the home "as is," notwithstanding the conflicting representations in the disclosure form.  Appellees asserted that, in light of the inspection, appellant was on notice that the representations in the disclosure were arguably false and, as a result, he was not entitled to reasonably rely on appellees' representations in the disclosure form.  Hence, appellees concluded, there are no genuine issues of material fact to be litigated on appellant's claims for fraudulent inducement and fraud.

{¶11}  Appellees further argued his claim for mutual mistake must fail because appellant had actual knowledge of the moisture problems with the home by virtue of Kolar's inspection report.  With knowledge of the problems, there could be no mistake of

fact relating to any moisture damage of related issues affecting the home at the time of the purchase. Thus, appellees maintained there was no genuine issue of material fact to be litigated on appellant's claim for mutual mistake of fact.

{¶12} Appellant filed a memorandum in opposition to appellees' motion. In his memorandum, appellant contended there were issues that arose that were undetected by the inspection; namely, repairs relating to moisture problems that concealed additional damage to which he had no knowledge prior to the purchase. In this respect, he maintained there were genuine issues of material fact regarding whether his reliance on appellees' allegedly false disclosures was reasonably justifiable. And, furthermore, appellant argued that even if the representations set forth in appellees' disclosure form were true, at the very least, the property was purchased under a mutual mistake of fact. Accordingly, appellant maintained, at the very least, there are genuine issues of material fact to be litigated on his mutual mistake claim.

{¶13} On April 9, 2015, the trial court entered summary judgment in appellees' favor, concluding appellant could not reasonably rely upon the disclosure form because the report clearly refuted appellees' statements relating to water issues in the home; the court further determined there was no genuine issue of material fact relating to appellant's claim for mutual mistake because he had actual knowledge of the water problems affecting the home's condition, yet still accepted the home "as is." Appellant appealed and assigns the following error for our review:

{¶14} "The trial court's decision to grant defendants' motion for summary judgment constitutes reversible error."

5

{¶15} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated; (2) "the moving party is entitled to judgment as a matter of law;" and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor."   A trial court's decision to grant summary judgment is analyzed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, (1996). "A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision." (Citation omitted.) *Peer v. Sayers*, 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, ¶27.

{¶16} On appeal, appellant challenges the trial court's entry of summary judgment on his fraud and mutual mistake claims.  He maintains he was entitled to rely upon appellees' representations in their disclosure form and, given the ultimate moisture problems the home suffered, there are genuine issues of fact on each of these claims such that summary judgment was inappropriate.

{¶17} An "as is" clause, or the doctrine of caveat emptor, "precludes recovery in an action by the purchaser for a structural defect in real estate where (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor." *Goddard v. Stabile*, 185 Ohio App.3d 485, 2009-Ohio-6375, ¶25 (11th Dist.), citing *Layman v. Binns*, 35 Ohio St.3d 176 (1988), syllabus.

6

In effect, therefore, an "as is" clause precludes liability unless a plaintiff can establish fraud.

{¶18} To establish fraud or fraudulent inducement, a plaintiff must prove the following elements : "(1) a representation (or concealment of a fact when there is a duty to disclose) (2) that is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, and (4) with intent to mislead another into relying upon it, (5) justifiable reliance, and (6) resulting injury proximately caused by the reliance." *Volbers-Klarich v. Middletown Mgt.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶27, citing *Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St.3d 69, 73 (1986).

{¶19} In this matter, the inspection report revealed a host of problems Kolar designated as "Major Concerns." These concerns included excessive ice buildup on the roof, found at both the front and rear valleys. Kolar noted that the potential for ice damming increased due to the buildup in these areas. He further found moisture stains on the ceiling of the second floor hallway between each of three front-facing gables. Kolar also commented that one of the three stained regions had masking tape over it. Moreover, Kolar found all four foundation walls in the basement revealed signs of previous moisture issues. Stains were detected under the sanitary line, under the well entry line, the rear window pit, and the south wall. Kolar also found the south wall had stains, efflorescence, and wood rot. Kolar recommended appellant consult with appellees and determine whether any corrective measures had been taken in the past to resolve these issues.

7

**{¶20}** In light of the foregoing, appellant's assertion that he was entitled to justifiably rely upon appellees' disclosure form is indefensible. The representations at issue involve appellees' denial of knowledge of, inter alia, (1) previous water or moisture accumulation to the property including the basement; (2) any water related damage to walls or ceilings; (3) ice damming; (4) any material problems with the foundation, basement, or walls; and (5) any previous or current flooding, drainage, or erosion problems affecting the property. Each of the issues of which appellees claimed no knowledge were expressly itemized as concerns that required some attention in Kolar's inspection report. Notwithstanding the conflict between appellees' representations in their disclosure form and Kolar's findings, appellant removed any sale's contingencies from the purchase agreement and proceeded to purchase the home "as is."

**{¶21}** After receiving Kolar's report, appellant could not reasonably or justifiably rely upon the representations set forth in appellees' disclosure form. And, as a result, there was no genuine issue of material fact remaining to be litigated on appellant's claims for fraud or fraudulent inducement. We therefore hold the trial court did not err in entering summary judgment on these claims as appellees were entitled to that judgment as a matter of law.

**{¶22}** We shall next address appellant's claim that the trial court erred in granting summary judgment in appellees' favor on his mutual mistake claim.

**{¶23}** The Ohio Supreme Court has expressly recognized the doctrine of mutual mistake as a ground for contractual rescission where there is a mutual mistake relating to a material part of a contract and where the plaintiff is not negligent in failing to discover the mistake. *Irwin v. Wilson*, 45 Ohio St. 426 (1887). In *Reilley v. Richards*, 69

8

Ohio St.3d 352, 353 (1994), the Court reaffirmed its holding in *Irwin* and noted that a mistake is material to a contract when it concerns a basic assumption upon which the agreement was premised and has a material effect on the agreed exchange of performances. Where the parties' intentions are frustrated by a mutual mistake, the agreement may be rescinded. *Reilley*, *supra*.

{¶24} Here, appellant had actual knowledge, by virtue of Kolar's inspection, of the problems relating to moisture and the damage it had caused the home. Even if appellees' representations in their disclosure form were true, the results of the inspection demonstrate appellant was aware of the damage caused by moisture. Appellant nevertheless agreed to proceed with the purchase of the home "as is."

{¶25} Appellant was on notice that the home had a variety of issues relating to moisture entry and the like. He therefore cannot reasonably claim there was a *mutual* mistake regarding the home's susceptibility to moisture problems. We accordingly hold there is no genuine issue of material fact to be litigated on appellant's mutual mistake claim. Thus, the trial court did not err in granting summary judgment on this issue.

{¶26} Appellant's assignment of error lacks merit.

{¶27} For the reasons discussed in this opinion, the judgment of the Portage County Court of Common Pleas is hereby affirmed.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.

9