[Cite as *Williams v. Brockway*, 2018-Ohio-3969.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| ERIC WILLIAMS, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2018-A-0024** |
| GREGORY A. BROCKWAY, INDIVIDUALLY, AND AS EXECUTOR OF THE ESTATE OF LOWELL B. BROCKWAY, et al., | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 CV 0778.

Judgment: Affirmed.


*David A. McGee,* Svete & McGee Co., L.P.A., 401 South State St., Bldg. 2B, Chardon, OH 44024 (For Plaintiff-Appellant).

*Kyle B. Smith,* Smith and Miller, Attorneys at Law, 36 West Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellee).


CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Eric Williams, appeals from the judgment of the Ashtabula County Court of Common Pleas entering summary judgment in favor of appellee, Gregory Brockway, on his complaint against the appellant concerning the sale of a parcel of land. For the reasons that follow, we affirm.

{¶2} The property at issue, which totaled approximately 96 acres, is located in Saybrook Township, Ashtabula County, Ohio, and was previously owned by appellee's father. Upon his father's death in December 2011, appellee was appointed the executor for the estate which included, among others, said property. Appellee obtained a realtor, who notated that the property included a Current Agricultural Use Valuation ("CAUV") tax designation and was currently in the midst of a five-year lease agreement with Aloterra Farms to grow grasses for biofuels on the property, all of which were established while the property was still owned by appellee's father. While neither appellant nor appellee had any formal discussions concerning the purchase of the land in any capacity, both agreed to be represented by the realtor in a dual agency relationship throughout the transaction.

{¶3} In August 2014, appellant and appellee entered into a purchase agreement for the sale of the property, which was described on the agreement as a "3-bedroom house". The agreement provided that the property was being sold "as-is"; that appellant had the right to inspect the property prior to purchase (which appellant waived); and also included a provision that indicated that appellant had "not relied upon any representations, warranties, or statements about the property, including but not limited to, its condition or use unless otherwise disclosed in this Agreement or the Residential Disclosure Form." The purchase agreement also included an addendum that both parties agreed to that stipulated that the appellant "[understood] that [the] Property disclosure [was] not valid because this property is an estate and any knowledge by the Executor (appellee) is not binding; only as seen from his position having been on the property periodically." Appellant still opted to not request to inspect

the property prior to signing the purchase agreement on August 11, 2014. Appellant and appellee finalized the sale and appellant took possession of the property on December 2, 2014.

{¶4} While it is unknown how appellant used the property upon taking possession in December 2014, he apparently had no issues with the property until 2016, when he was informed that Aloterra Farms was neither renewing its lease with the land nor making any further payments on its current lease. The record indicates that, in 2016, it was discovered the land was unsuitable for farming Aloterra's crops due a stripping of the topsoil.

{¶5} Appellant subsequently filed the underlying complaint against appellee on December 29, 2016, alleging breach of contract, fraud, and rescission arising from the purchase agreement made between them for the sale of the property. Appellee responded by filing a motion for summary judgment, to which appellant responded.

{¶6} On February 15, 2018, the trial court granted appellee's motion for summary judgment, concluding that no genuine issues of material facts exist for appellant's claims as they were barred by caveat emptor and the "as is" clause as outlined in the purchase agreement. Appellant filed a timely appeal and asserts the following assignment of error:

{¶7} "The trial court erred in granting defendant-appellee summary judgement as material issue(s) of fact exist supporting the elements of fraudulent misrepresentation and/or failure to disclose latent defect exception to the "as is" exclusion of fraud claims in real estate transactions."

**{¶8}** Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66 (1993). Keeping this in mind, an award of summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See e.g.* Civ.R. 56(C).

**{¶9}** When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121(1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359, 1992 Ohio 95 (1992). In effect, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.*, 11th Dist. Ashtabula No. 2002-A-0061, 2003-Ohio-6682, ¶36. On appeal, we review a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision. *Brown v. Cty. Commrs. of Scioto Cty.*, 87 Ohio App.3d 704, 711 (1993).

**{¶10}** Appellant's fraudulent misrepresentation claim was based upon the allegation that appellee had purposely made false representations in the purchase agreement by not disclosing (to either his realtor or appellant) that he was aware of a latent defect; namely, that he knew that an amount of topsoil had been removed from

4

the property prior to 2005 and that removal caused the property to be not farmable. Further, appellant argues that the ground being unfarmable is inconsistent with statements allegedly made by the realtor who indicated that the property had tillable farm land.

{¶11} We first point out that the real estate contract at issue contained an "as is" clause. "'(W)hen a buyer agrees to accept property "as is," the seller is relieved of any duty to disclose latent defects.'" (Citations omitted.) *Thaler v. Zovko,* 11th Dist. Lake No. 2008-L-091 2008-Ohio-6881, ¶37, quoting *Durica v. Donaldson* 11th Dist. Trumbull No. 97-T-0183, 2000 WL 263785 (Mar. 3, 2000). Accordingly, as a matter of law, appellant's argument, to the extent it is premised upon appellee's alleged nondisclosure of a latent defect, is barred by the "as is" clause. *Goddard v. Stabile*, 185 Ohio App.3d 485, 2009-Ohio-6375, ¶28 (11th Dist.), citing *Kimball v. Duy,* 11th Dist. Lake No. 2002-L-046, 2002-Ohio-7279, 2002 WL 31886713, ¶19.

{¶12} An "as is" clause, however, does not preclude causes of action for fraudulent representation or fraudulent concealment. *Goddard, supra*, at ¶29, citing *Waleszewski v. Angstadt,* 11th Dist. Lake No. 2002-L-113, 2004-Ohio-335, ¶23.

{¶13} "The elements which constitute the basis for a claim of fraudulent misrepresentation are: '(1) a representation, or where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying on it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the

5

reliance.'" *Kimball*, *supra*, at ¶23*, quoting *Cardi v. Gump*, 121 Ohio App.3d 16, 22 (8th Dist.1997); *see also Goddard*, *supra*, at ¶30.

{¶14} In spite of appellee possessing knowledge of the dirt removal, appellee averred he had no actual knowledge of the consequences of the dirt being removed. And appellant fails to set forth facts that would impute such knowledge to appellee. Appellee's affidavit indicates he was not present while the dirt was being removed, he had no interest in the property prior to being named Executor of his father's estate, and made no direct or indirect statements to appellant to imply that the land was farmable. Appellee further averred he had no knowledge of the amount of dirt that was removed, whether the dirt was topsoil, or any awareness of how removal of the dirt would affect potential farming or agricultural uses. Like appellant, appellee was a layperson with respect to farming and chose to not represent the land as being farmable and described the property as a "3-bedoom house." Nowhere in the description does the word "farm" or the phrase "farmable land" appear.

{¶15} Moreover, even though appellee had knowledge of the removal, it would be reasonable for a layperson to conclude any previous dirt removal was innocuous, at least for residential purposes, particularly when grass, trees, and vegetation continues to grow. Appellant must have had the same understanding, as he opted out of an opportunity to inspect the property upon purchasing it and he enjoyed ownership of the property with no objection until nearly two years after gaining possession.

{¶16} Outside of stating that the land was being sold "as is", the only representations made concerning the land was that it was designated CAUV by the County Auditor, and had two years remaining on a lease from Aloterra Farms. These

6

representations were true at the time the purchase agreement was entered and at the time of closing. Appellee made no further representation concerning the land and appellant did not inquire into the condition of the land or seek any additional information about the property beyond what was included in the purchase agreement when he had opportunity to do so.

{¶17} Finally, we recognize appellant contends the realtor represented the property was farmable. Appellant, however, fails to allege or set forth facts that, if the realtor did make these representations, appellee was the source of the representations.

{¶18} Pursuant to the "Agency Disclosure Statement," the realtors involved in the sale worked for the same brokerage firm and operated as dual agents for the buyer and seller. And, appellee averred that, at no time did he represent that the land was tillable, arable, and/or farmable to the real estate agent(s) with whom both parties associated during the sale of the property. The realtor, therefore, did not have either express or implied authority to make such a representation. Moreover, because the realtors were acting on behalf of both appellant and appellee, and the purchase agreement did not include any mention of the property being farmable, appellant could not reasonably conclude the realtor who allegedly made the representation had the apparent authority to bind appellee. *See e.g. Shaffer v. Maier*, 68 Ohio St.3d 416, 419 (1994). (The test for apparent authority is whether the complaining party acting as a reasonable person, would believe the agent had authority based on all the circumstances.) With no express, implied or apparent authority to bind appellee, the representation could not be imputed to appellee.

{¶19} The record fails to establish that appellee made a false representation relating to the property. Moreover, appellant failed to establish appellant concealed a fact which he had a duty to disclose. As a result, we hold there is no genuine issue of material fact to be litigated regarding whether appellee committed fraudulent misrepresentation or concealment concerning the sale of the land. By implication, because appellant's breach-of-contract claim was premised upon his allegations of fraud, appellee is also entitled to judgment as a matter of law on that cause of action. Finally, appellant makes no argument relating to his rescission claim and thus we need not consider that claim on appeal.

{¶20} Appellant's sole assignment of error lacks merit.

{¶21} For the reasons discussed in this opinion, the judgment of the Ashtabula County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.