ROSS, Appellant,

v.

TREGO et al., Appellees.

[Cite as *Ross v. Trego* (1996), 113 Ohio App.3d 637.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 95CA006265.

Decided Sept. 4, 1996.

**638**

*David C. Long,* for appellant.

*Rothgery & Associates* and *Hollace B. Weizel,* for appellees.

QUILLIN, Presiding Judge.

Michael Ross appeals from a summary judgment dismissing his claim for fraudulent concealment in connection with the purchase of a parcel of residential real property. We affirm.

In February 1992, Anna L. Trego died, leaving to her estate a home located at 14786 Wheeler Road in LaGrange, Ohio. Anna's daughter Verna was appointed executor of Anna's estate. In order to pay the debts of the estate, Verna was forced to sell her mother's house. In June 1993, Ross signed a real estate sales agreement for the purchase of the house. Pursuant to the purchase agreement, Ross accepted the property as is and also accepted responsibility for completing certain repairs to the property.

Within a few months after taking possession of the house, however, Ross began to experience some problems. After Ross began to use the furnace, he noticed that there was condensation on the interior surfaces in all of the rooms and that mold and mildew had grown on some of the walls, ceilings, trim areas and

cabinets in the house. To determine the cause of these problems, Ross removed some of the walls and discovered extensive dry rot. In addition, Ross discovered that some of the plaster walls in the house had been covered with drywall and that some of these plaster walls had mold and mildew stains. An inspection by a professional engineer revealed that due to a structural drainage defect, the fan-forced heating air from the furnace was bringing excessive amounts of moisture into the living areas. The professional engineer concluded that the excessive humidity condition had been ongoing for a number of years and had caused serious structural damage to the house.

In May 1994, Ross filed suit against Verna, both individually and as executor of Anna's estate, and against Anna's estate. The complaint alleged that Verna had "purposely concealed the existing mold and mildew condition and structural damage to the home by covering same with new drywall and paint." The complaint further alleged that defendants had breached the contract of sale and had misrepresented the home's condition. Defendants answered the complaint and thereafter moved for summary judgment.

After considering the affidavits and memoranda filed by the parties, the trial court granted summary judgment in favor of defendants and dismissed the complaint. The trial court found that Ross had failed to present any evidence that defendants knew of either the water problem or the dry rot or that defendants had purposely tried to conceal the condition.

Ross has timely appealed to this court from the summary judgment in favor of the defendants. Through his two assignments of error, Ross argues that summary judgment was improper because genuine issues of material fact remain for determination regarding whether Verna fraudulently concealed latent defects in the house. We disagree.

■ Civ.R. 56(C) provides that before summary judgment may be granted, the court must find that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence in favor of the nonmoving party, that conclusion favors the moving party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. Moreover, upon appeal from summary judgment, a reviewing court must view the facts in a light most favorable to the party opposing the motion. *Campbell v. Hospitality Motor Inns, Inc.* (1986), 24 Ohio St.3d 54, 58, 24 O.B.R. 135, 138–139, 493 N.E.2d 239, 242–243.

■ In the present case, the sales contract clearly places the risk upon Ross as to the discovery of any defects. The contract states that the property is to be accepted as is and that Ross is responsible for all repairs to the property.

Generally, an as is clause in a real estate sales contract relieves the seller of any duty to disclose, and places the risk upon the buyer as to the existence of defects. *Brewer v. Brothers* (1992), 82 Ohio App.3d 148, 151, 611 N.E.2d 492, 493–494. An as is clause, however, cannot be relied upon to bar a claim for fraudulent concealment. See *id.* Thus, the sales contract in this case has no effect on Ross's claim for fraudulent concealment.

■ To maintain an action for fraudulent concealment, the plaintiff must show proof of " '(1) an actual concealment (2) of a material fact (3) with knowledge of the fact concealed (4) with intent to mislead another into relying upon such conduct (5) followed by actual reliance thereon by such other person having the right to so rely [and] (6) with injury resulting to such person because of such reliance.' " *Jacobs v. Racevskis* (1995), 105 Ohio App.3d 1, 6, 663 N.E.2d 653, 656.

■ Verna, in an affidavit in support of the motion for summary judgment, stated that she was unaware of any problems with the heating and drainage systems in the house. According to Verna, Anna never used the furnace. It appears that Anna and her family resided primarily in a room located at the rear of the garage, which was heated by a woodburning stove. After Anna's death, Verna and her brother continued to reside in the house. Verna admitted that she installed a new furnace in February 1993, but claims that she ran the furnace only at very low levels and continued to heat the room with a woodburning stove and a kerosene heater. Verna further stated that she did not attempt to conceal any defects in the house. Several years before her death, Anna had remodeled several rooms in the house. The only work that Verna had done on the house was having her brother's bedroom painted at the suggestion of the real estate agent.

Ross's response to the motion for summary judgment failed to establish the existence of a material fact regarding a claim for fraudulent concealment. Ross presented the trial court with affidavits from himself and Edward J. Conrad, a professional engineer, to refute Verna's denial that she had concealed any defects at any time. Conrad stated that "the excessive humidity/moisture environment had to be ongoing for a number of years to result in the extent of dry rot I observed." Conrad further stated that "[t]his dry rot would not be disclosed during a normal home inspection, by reason of the fact that it would be covered by plaster and/or drywall, and to expose it would require invasive and destructive testing, which is beyond the scope of a normal home inspection." Finally, Conrad stated that "[m]ildew stains on plaster, covered by drywall, would not be discovered during a home inspection, inasmuch as to expose same would require removal of the drywall."

These speculative allegations do not sufficiently overcome defendants' motion for summary judgment. Absent from Ross's or Conrad's affidavits are any statements which contradict Verna's statements in her affidavit that she never knew of any defects or concealed them from Ross. Ross has failed to provide any evidence that Verna had purposely concealed the condition of the wood beneath the plaster walls or that Verna had painted over mildew stains. And as the trial court noted, Ross produced no evidence that any of the contractors who worked on the remodeling of the house had noticed any dry rot beneath the plaster walls or that the contractors had told Verna about the condition of the house. Thus, Ross failed to create a genuine issue of material fact with regard to his claim for fraudulent concealment. The trial court, therefore, properly granted summary judgment in favor of defendants on this claim, and the assignments of error are overruled.

*Judgment affirmed.*

DICKINSON and SLABY, JJ., concur.