OPINION
{¶ 1} Plaintiffs-appellants, Brian and Kim Mollenkopf, appeal from the November 25, 2003 decision and entry of the Franklin County Court of Common Pleas entering judgment in favor of defendant-appellee, Ryan J. Weller, finding that the Personal Guarantee executed by appellee is voidable based on mutual mistake. For the reasons that follow, we reverse and remand the judgment of the trial court.
 {¶ 2} Appellants and appellee were 50 percent owners of Applied Archaeological Services, Inc. ("AA"). On December 29, 2000, the parties entered into a Stock Purchase Agreement, whereby appellee agreed to purchase appellants' share of AA stock for $6,000. Appellee also executed a Personal Guarantee in which appellee agreed to hold harmless and indemnify appellants from all liability relating to AA, its creditors, successors, and assigns.
 {¶ 3} Appellants handled the business operations and paid AA's bills, while appellee spent most of his time doing fieldwork. Appellants took the responsibility of preparing the company documents and appellee signed them. Both appellants and appellee had access to AA's books. However, in September 2000, appellee took exclusive control of the books.
 {¶ 4} When appellee bought appellants' interest in AA, appellee intended to sell AA to another company. Both appellants and appellee believed that AA owed the IRS $30,000 in corporate back payroll taxes at the end of 2000. However, AA's total IRS debt exceeded $60,000. As a result, appellee's agreement to sell AA fell through. In March 2001, appellants began receiving notices from the IRS demanding payment of back payroll taxes.
 {¶ 5} On May 18, 2001, appellants filed a complaint against appellee alleging breach of contract. On July 2, 2001, appellee filed an answer to appellants' complaint and also assigned a counterclaim against appellants alleging fraudulent representations and appellants' failure to pay the required withholding taxes. Trial was set in the matter for August 3, 2001, but was continued, pursuant to an agreed entry, to November 13, 2003.
 {¶ 6} On August 27, 2003, appellants filed a motion for summary judgment against appellee for appellee's failure to pay appellant $6,000 as payment for appellants' shares of AA stock under the Stock Purchase Agreement and for appellee's breach of the Personal Guarantee in failing to hold harmless and indemnify appellants for AA's shares. The trial court granted appellants' motion for summary judgment as it related to the Stock Purchase Agreement finding that appellee failed to meet the reciprocal burden under Civ.R. 56(E) by contradicting appellants' testimony that appellee owed appellants $6,000 under the Stock Purchase Agreement. The trial court also held that appellants were not entitled to summary judgment, as genuine issues of material fact remained with respect to whether appellee breached the Personal Guarantee and whether appellants had been damaged by appellee's alleged conduct. (Decision granting in part and denying in part plaintiff's motion for summary judgment, filed August 27, 2003, at 4, 6.)
 {¶ 7} At the November 2003 bench trial, the trial court heard testimony only with respect to appellants' breach of contract claim arising out of the Personal Guarantee. The trial court noted that the evidence at trial demonstrated that both appellants and appellee were mistaken as to the basic assumption on which the Personal Guarantee was made. The trial court found that this mistake, as to the amount owed to the IRS, had a material effect on the agreed exchange of performances on the parties' part. The trial court held, pursuant to the factors set forth in 1 Restatement of Law 2d, Contracts (1981), 385 Mistake, Section 154, that appellee did not bear the risk of mistake. It is from this entry that appellants appeal, assigning the following as error:
1. The Trial Court abused its discretion when it ruled that Appellants were not entitled to summary judgment on the breach of contract claim when Appellants met their burden of proof and the Appellee did not.
2. The Trial Court abused its discretion when it did not adhere to its earlier findings that the personal guarantee was enforceable and that Appellee provided no proof that the amount of money owed by AA to the IRS was anything other than that amount demonstrated by Appellant.
3. The Trial Court abused its discretion when it concluded that Appellee did not bear the risk of mistake when the language of the personal guarantee is clear in that it "shall cover all claim of any nature whatsoever, whether arising before or after the sale, conveyance and/or transfer of Mr. Mollenkopf's interest in [Applied Archaeological (hereinafter "AA")] to AA or the undersigned, whether known or unknown, that relate in any way, directly or indirectly to AA, its creditors, successor and assigns" and requires Appellee to "assume all liability for AA and release, defend, indemnify and hold harmless Mr. Mollenkopf and his wife from any and all liability relating to AA, its creditors, successors and assigns."
4. The Trial Court abused its discretion when it found the personal guarantee signed by the Appellee was voidable due to mutual mistake when both parties believed that at least $30,000 was owed to the IRS and Appellee had exclusive control of the company books for three months prior to execution of the stock purchase agreement and personal guarantee.
 {¶ 8} In his first and second assignments of error, appellants challenge the trial court's decision to grant summary judgment on appellants' breach of contract claim with respect to the Stock Purchase Agreement, while finding genuine issues of material fact exist regarding appellants' breach of contract claim arising out of the Personal Guarantee.
 {¶ 9} Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:
* * * [T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *
 {¶ 10} Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 65-66.
 {¶ 11} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996),75 Ohio St.3d 280, 292. Once the moving party meets its initial burden, the nonmovant must then produce competent evidence showing that there is a genuine issue for trial. Id. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,358-359.
 {¶ 12} Appellate review of summary judgments is de novo.Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579,588; Midwest Specialties, Inc. v. Firestone Tire Rubber Co.
(1988), 42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. [SeeDresher, Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38,41-42.]
 {¶ 13} In this case, appellants' first and second assignments of error are not well-taken and are overruled as the trial court was correct in finding that genuine issues of material fact remains with respect to whether appellee breached the Personal Guarantee, whether appellants had been damaged by appellee's alleged breach, and as to the amount of the outstanding IRS payroll tax liability of AA. However, in rendering its decision from the bench trial on appellants' breach of Personal Guarantee claim, the trial court did err in finding that the Personal Guarantee executed by appellee was voidable based on mutual mistake.
 {¶ 14} A mutual mistake as to a material part of a contract can be grounds for the rescission of the contract. Reilley v.Richards (1994), 69 Ohio St.3d 352. A mutual mistake of fact is present where a mistake by both parties as to a basic assumption on which the contract was made has a material effect on the agreed exchange of performances. Id. at 353, citing 1 Restatement of the Law 2d, Contracts (1981), 385, Mistake, Section 152(1), which provides:
Where a mistake of both parties at the time a contract was made as to a basic assumption on which the contract was made has a material effect on the agreed exchange of performances, the contract is voidable by the adversely affected party unless he bears the risk of the mistake under the rule stated in § 154.
 {¶ 15} The rule of mutual mistake is applicable in those situations where the parties are mistaken as to a vital existing fact at the time of contracting. Calamari Perillo, Law of Contracts (2 Ed. 1977) 498, Section 13-13. Furthermore, Section 154 of the Restatement provides:
A party bears the risk of a mistake when
(a) the risk is allocated to him by agreement of the parties, or
(b) he is aware, at the time the contract is made, that he has only limited knowledge with respect to the facts to which the mistake relates but treats his limited knowledge as sufficient, or
(c) the risk is allocated to him by the court on the ground that it is reasonable in the circumstances to do so.
 {¶ 16} In this case, appellee bears the risk of mistake. While both appellants and appellee believed (albeit incorrectly) that AA's IRS liability was $30,000, appellee, pursuant to the Personal Guarantee, indemnified appellants from liability relating to AA, its creditors, successors, and assigns. Appellee assumed all liability and released, defended, indemnified and held harmless appellants from any and all liability as it related to AA, its creditors, successors, and assigns. Therefore, pursuant to the Personal Guarantee, executed on December 29, 2000, the risk was allocated to appellee.
 {¶ 17} At the time the Personal Guarantee was executed, appellee had knowledge, although limited, to relevant facts to which the mistake related, but which he treated as sufficient. Appellee took exclusive control of AA's books in September 2000. (Tr. 51.) Appellee admitted to having access to the payroll tax information. Appellee admitted that when he and appellants negotiated the contract, he assumed AA owed $30,000 in taxes. (Tr. 57.) In his deposition, appellee admitted to getting notices from the IRS regarding tax delinquencies for the fourth quarter of 2000. However, appellee indicated that he never saw the amount of the delinquency.
 {¶ 18} Any mistake as to the amount of payroll tax liability was unilateral on the part of appellee. Given that appellee had total control of the books after September 2000 along with access to the payroll tax information three months prior to entering into the agreements with appellants, appellee should bear the costs of the mistake over appellants. Appellee had an opportunity to examine the books and payroll tax information, but chose not to do so. Instead, appellee referred the notices from the IRS to the accountant for AA.
 {¶ 19} Although appellee, pursuant to any written agreement, did not agree to bear the risk, he was aware when he entered into the contracts that his knowledge with respect to the facts to which the mistake relates was limited. Under these circumstances, the Restatement rule allocates the risk of reliance on the mistake to appellee. Restatement, Section 154. As such, appellee is under a duty to perform regardless of the mistake. Therefore, the Personal Guarantee is not voidable and is enforceable. Accordingly, the trial court erred in finding that the Personal Guarantee was voidable based on mutual mistake. As such, appellants' third and fourth assignments of error are well-taken.
 {¶ 20} For the foregoing reasons, appellants' first and second assignments of error are overruled and the third and fourth assignments of error are sustained. The judgment of the Franklin County Court of Common Pleas is sustained in part and reversed in part and this case is remanded to that court for further proceedings consistent with this opinion.
Judgment sustained in part; reversed in part and causeremanded.
Brown and Sadler, JJ., concur.