[Cite as *Muruschak v. Schafer*, 2015-Ohio-5340.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| RYAN S. MARUSCHAK, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO.  2015-L-071** |
| SCOTT P. SCHAFER, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 14 CV 000457.

Judgment: Affirmed.

*Daniel S. White,* Daniel S. White, Esq., 34 Parmelee Drive, Hudson, OH 44067 (For Plaintiffs-Appellants).

*Scott P. Schafer,* pro se, 100 West Main Street, Madison, OH 44057 (Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1}    Plaintiffs-appellants, Ryan and Tracy Maruschak, appeal from the May 27, 2015 Judgment Entry of the Lake County Court of Common Pleas, granting summary judgment in favor of  defendant-appellee, Scott P. Schafer, and dismissing the Maruschaks' Complaint.  The issues before this court are whether a seller of residential property commits Fraud by failing to disclose the existence of mold and water intrusion and whether a claim of mutual mistake relating to water intrusion can be raised when

the property was purchased "as is."  For the following reasons, we affirm the judgment of the court below.

{¶2}   On February 24, 2014, the Maruschaks filed a Complaint against Schafer, related to their purchase of real property, located at 4025 Green Road, Perry, Ohio, from Schafer.  Count One raised a claim for Fraudulent Inducement, based on allegedly false representations and a lack of disclosures made on the Residential Property Disclosure Form regarding water or moisture damage, past repairs, flooding, and foundation/basement problems.  Count Two, Fraud, stated that the failure to disclose the foregoing items was intentional and the Maruschaks suffered damages due to "severe problems related to water infiltration in the basement" that they experienced "[s]hortly after moving into the property."  In Count Three, the Maruschaks raised a claim of Mutual Mistake of Fact, arguing that the failure to disclose these problems resulted in the property not being "worth the sum the Plaintiffs paid to the Defendant for it."  Attached to the Complaint was the Residential Property Disclosure Form.  Regarding water intrusion, it stated: "Had approximately 6 inches of water in basement soon after moving into house in 2000 due to sump pump failure.  New sump pump installed in 2001.  No water issues since that time."  Nothing further was disclosed relating to the basement, foundation, or water damage or intrusion.

{¶3}   Schafer filed an Answer on April 7, 2014.

{¶4}   On March 11, 2015, Schafer filed a Motion for Summary Judgment of Defendant.  He asserted that the Purchase Agreement contained an "as is" clause and the Maruschaks had the opportunity to examine the premises prior to purchase.  He asserted that no fraud was committed, since he was unaware of any condition

2

complained of, took no steps to conceal any defect, and the affidavits established no intent to mislead the Maruschaks.

{¶5} Attached to the Motion were the affidavits of Schafer and his wife, Kelli. In Schafer's Affidavit, he stated that the basement was finished in 2007 and used for recreational purposes. He attested to the fact that he did not witness "any water damage to any items or structural components such as carpeting or drywall in the basement" and noted that various items and equipment remained in the same condition since being installed in 2007. He explained the flooding incident that occurred in 2000, which was due to excess water caused by melting snow and rain, remedied by the installation of a sump pump, and included in the Property Disclosure. He attested to the fact that he did not "observe, experience or have personal knowledge of any other water-related issues or damages" or any other defects in the home, such as the movement/cracking of the foundation, walls, or the basement, any flooding or drainage problems, or related repairs. Kelli's affidavit included the same sworn statements.

{¶6} An affidavit of Schafer's father, James P. Schafer, was also attached, in which he attested to the fact that the carpet had not suffered water damage and he had not seen evidence of water damage or water-related defects since the basement flooded in 2000.

{¶7} Also attached to the Motion were the Purchase Agreement and Amendment. The Agreement provided that the general home inspection would be completed within 10 days of acceptance of the agreement and that after the last inspection, the buyers could elect to remove the inspection contingency and accept the property "as is." The Amendment removed the inspection contingency for the general home inspection subject to unrelated conditions.

3

**{¶8}** The Maruschaks filed a Brief in Opposition on April 20, 2015, arguing that there was a genuine issue of material fact as to whether Schafer lied regarding the representations in the Property Disclosure related to the basement. This was based upon the "bubbling of fresh paint" within two to three months of them moving in, items near the wall becoming moldy, mold on the tack strip, and saturated padding under the carpet.

**{¶9}** Attached to the Opposition were affidavits of Tracy and Ryan Maruschak, in which they averred that they believed false representations were made, which caused them to enter into the contract. They attested to the foregoing circumstances regarding the mold and that their "investigation into previous repairs made at the home * * * revealed that previous contractors were affected by issues with basement water infiltration."

**{¶10}** Also attached was the affidavit of Larry Petush, a foreman at Ohio State Waterproofing, who waterproofed the home for the Maruschaks. He stated that, while performing his work, he observed "flaking basement paint", "improperly installed drain tile", and "low parging along the front of the home." In his opinion, the water infiltration problems he found "did not develop overnight and probably took a number of years to get to the point at which he found them."

**{¶11}** Schafer filed a Reply on May 8, 2015.

**{¶12}** On May 27, 2015, the trial court issued a Judgment Entry, granting Schafer's Motion for Summary Judgment. The court held that the Maruschaks failed to establish Schafer had actual knowledge of any of the issues raised in the Complaint, including leakage in the basement. They also failed to "offer * * * evidence that water had infiltrated the premises prior to their ownership" and that the wall had been painted

4

to cover damage. The court found that they were precluded from raising the mutual mistake claim, since they accepted the property as is following a home inspection and, thus, could not show "the absence of water problems in the basement was a basic assumption upon which the contract was made."

{¶13} The Maruschaks timely appeal and raise the following assignment of error:

{¶14} "The trial court's decision to grant the defendant's motion for summary judgment constitutes reversible error."

{¶15} Pursuant to Civil Rule 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue as to any material fact" to be litigated, (2) "the moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor."

{¶16} A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision." *Peer v. Sayers*, 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, ¶ 27.

{¶17} The Maruschaks' first two claims were for Fraud and Fraudulent Inducement, based on their contention that the representations regarding the lack of problems with the property on the Residential Property Disclosure Form were made fraudulently and that certain issues were concealed.

5

**{¶18}** "The elements of an action in actual fraud are: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 55, 514 N.E.2d 709 (1987). "The elements of fraudulent inducement are substantially the same as those of fraud." *Huegel v. Scott*, 11th Dist. Trumbull No. 2015-T-0014, 2015-Ohio-3554, ¶ 14.

**{¶19}** In Ohio, to transfer residential properly by sale, every seller "shall complete * * * a property disclosure form * * * designed to permit the transferor to disclose material matters relating to the physical condition of the property to be transferred, including, but not limited to, * * * the condition of the structure of the property, including the roof, foundation, walls, and floors; * * * and any material defects in the property that are within the actual knowledge of the transferor." R.C. 5302.30(C) and (D)(1). "In regard to disclosure forms in real estate transactions, it has been expressly held that the seller is only required to disclose defects of which they have actual knowledge." *Tutolo v. Young*, 11th Dist. Lake No. 2010-L-118, 2012-Ohio-121, ¶ 46. Regarding claims for Fraudulent Nondisclosure, however, this court has repeatedly held that "'as is' language relieves a seller of any duty to disclose and bars" such claims. *Bencivenni v. Dietz*, 11th Dist. Lake No. 2012-L-127, 2013-Ohio-4549, ¶ 44.

**{¶20}** Given the evidence presented, we cannot find that there was a genuine issue of material fact as to the Fraud claims. Considering the evidence in the light most

6

favorable to the Maruschaks, it did not show Schafer had actual knowledge of any defects that should have been disclosed, that the statements regarding the lack of defects were made with utter disregard for the truth, or that any defects were purposely concealed.

{¶21} Schafer and his wife both denied having any knowledge of moisture, water, or mold related problems in the home. While the Maruschaks present some sworn statements to refute this, these statements are unsupportable, conclusory, or speculative. For example, although they alleged there was "fresh paint" on a basement wall, they do not provide any information regarding how they were aware it was fresh paint. Regardless, although they contend that this paint was on a wall near where mold was found on a tack strip and their personal items, they do not attest that there was mold or another defect discovered hidden underneath the coat of paint itself, in order to prove that painting was done to hide a defect. *See Novotny v. Fierle*, 11th Dist. Lake No. 2011-L-148, 2012-Ohio-4007, ¶ 20-21 (rejecting a Fraud claim where newly installed drywall was alleged to conceal water damages but the "appellant had not offered any evidence indicating that there was any actual damage to the cement block or floor behind the new drywall or the new paint").

{¶22} Further, while Petush, the waterproofer, attested that, in his opinion, the water infiltration problems "probably" took a number of years to get to the level they had, this is also not evidence that Schafer did have, or even should have, had knowledge of them, especially given that, according to the Maruschaks' own testimony, the problem was mainly discovered after removing the carpet. In a similar case, the Ninth District held that statements from an engineer that a problem "had to be ongoing for a number of years" were speculative and, since they did not refute the defendant's statement that

7

she did not know of or conceal defects, could not overcome the motion for summary judgment on a fraudulent concealment case. *Ross v. Trego*, 113 Ohio App.3d 637, 641, 681 N.E.2d 989 (9th Dist.1996)[1]; *see Doctor v. Marucci*, 11th Dist. Lake No. 2013-L-056, 2013-Ohio-5831, ¶ 14 (a claim for fraudulent inducement could not be established when, although the waterproofer "testified the condition of the cracks in 2011 indicated the cracks would have 'probably' existed in 2006 or 2007," he did not testify that he had knowledge of the condition of the wall at that time). Similarly, this court has held in summary judgment proceedings that "the mere fact that the water had been collecting for a number of years did not mean that appellees were aware of it." *Novotny* at ¶ 24.

{¶23} In addition, while the Maruschaks stated in their affidavits that their "investigation into previous repairs made at the home prior to [their] purchase * * * revealed that previous contractors were affected by issues with basement water infiltration," this lacks evidentiary value. Pursuant to Civ.R. 56(E), affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." The Maruschaks have no personal knowledge of what such issues were, where they took place, how they "affected" contractors, or even when these issues occurred. In the absence of any of these details or testimony of the contractors themselves, this evidence cannot be considered as justifying a denial of summary judgment.

---

1. Although the claims raised are not characterized as for Fraudulent Concealment, the Fraud claim in the Complaint raises the issue of concealing the evidence. To prevail on a claim for Fraudulent Concealment, a party must establish: "(1) actual concealment of a material fact; (2) with knowledge of the fact concealed; (3) and intent to mislead another into relying upon such conduct; (4) followed by actual reliance thereon by such other person having the right to so rely; (5) and with injury resulting to such person because of such reliance." (Citation omitted.) *Goddard v. Stabile*, 185 Ohio App.3d 485, 2009-Ohio-6375, 924 N.E.2d 868, ¶ 32 (11th Dist.).

{¶24} To support their contention that summary judgment should not have been granted on the Fraud claims, the Maruschaks primarily cite to multiple cases, all of which are distinguishable.

{¶25} First, the Maruschaks cite a variety of cases from the Eighth District. In *Felty v. Kwitkowski*, 8th Dist. Cuyahoga No. 68530, 1995 Ohio App. LEXIS 4834 (Nov. 2, 1995), an issue of fact for trial was found when the defendant built a wall in front of an area where there was missing foundation. *Id.* at 11. This is different than merely painting a wall, as painting a wall itself is not uncommon. Similarly, in *Harris v. Burger*, 8th Dist. Cuyahoga No. 68303, 1995 Ohio App. LEXIS 3465 (Aug. 24, 1995), "extensive cracks" existed throughout the house that were covered by plaster, caulk, paint, and wallpaper. *Id.* at 8-9. Here, there is no such evidence of the extensive nature of the alleged mold, which, again, was found primarily underneath carpet in one area.

{¶26} *Shumney v. Jones*, 8th Dist. Cuyahoga No. 63019, 1992 Ohio App. LEXIS 3463 (July 2, 1992), lacks sufficient discussion of the facts to determine whether it is similar to the present matter. There, however, it appears that there was evidence of recent repairs having been made and undisclosed, different than what was proven in the present matter.

{¶27} Finally, the Maruschaks contend that *Dinapoli v. Lewandowski*, 9th Dist. Summit No. 18897, 1998 Ohio App. LEXIS 4610 (Sept. 30, 1998), is "directly on point," as it involves a judgment in favor of home buyers on a Fraud claim when their home had a variety of water-related issues in the basement. In that case, while the lower court did award damages for Fraud related to undisclosed water problems, whether the judgment was supported by the evidence as to the issue of knowledge was not decided

9

on appeal due to the lack of a transcript. *Id.* at 5-6. We do not find the trial court decision on the Fraud issue to be persuasive authority.

**{¶28}** The Maruschaks cite various cases addressing the doctrine of caveat emptor, noting that the doctrine does not preclude recovery where there is fraud by the seller. Here, the foregoing claims are properly dismissed on the ground that fraud was not proven by the Maruschaks, not based upon the application of the doctrine of caveat emptor.

**{¶29}** The Maruschaks also argue that summary judgment was inappropriate on the mutual mistake claim. They assert that, if Schafer's claim that he lacked knowledge of the basement water intrusion problems is accepted, neither party was aware of such problems and there was a mutual mistake of fact.

**{¶30}** This court has applied *Wallington v. Hageman*, 8th Dist. Cuyahoga No. 94763, 2010-Ohio-6181, in evaluating such a claim. *Novotny*, 2012-Ohio-4007, at ¶ 29-30. In *Wallington*, the court held that, in an "as is" real estate transaction, the parties "cannot argue that the absence of water problems in the basement was a basic assumption upon which the contract was made." *Id*. at ¶ 27. In upholding a grant of summary judgment, the court also indicated that "the claimed defects in the property as to the water intrusion issues do not go to the character of the property, were not material to the completion of the contract, and did not frustrate either side's ability to complete the contract." *Id*.

**{¶31}** Here, the same circumstances apply. Following the inspection and the Amendment, the Purchase Agreement was an "as is" sale. Further, while there is some evidence of a repair/waterproofing cost, there is no evidence that the property has "lost a significant portion of its fair market value or bec[o]me uninhabitable," such that it can

10

be said the problem "materially affected a basic underlying assumption of the parties' purchase agreement." *Novotny* at ¶ 30.

**{¶32}** While the trial court specifically relied on *Novotny* in rejecting the mutual mistake claim, the Maruschaks do not address its applicability. Although they cite *Reilley v. Richards*, 69 Ohio St.3d 352, 632 N.E.2d 507 (1994), that case is distinguishable. In *Reilley*, there was no mention of whether the sale was "as is" and, in addition, the basis for the mutual mistake was the location of a home in a flood plain, something that would be more material and could cause a home to become inhabitable. *Id.* at 353-354.

**{¶33}** The sole assignment of error is without merit.

**{¶34}** For the foregoing reasons, the Judgment Entry of the Lake County Court of Common Pleas, granting summary judgment in favor of Schafer and dismissing the Maruschaks' Complaint, is affirmed. Costs to be taxed against appellants.

TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.