[Cite as *Donahue v. Hall*, 2016-Ohio-3237.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| JACK W. DONAHUE, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2015-T-0125** |
| ORVAL D. HALL, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2014 CV 01993.

Judgment: Affirmed.

*Daniel S. White*, Daniel S. White, Esq., 34 Parmelee Drive, Hudson, OH 44067 (For Plaintiff-Appellant).

*John D. Falgiani, Jr.*, P.O. Box 8533, Warren, OH 44484 (For Defendants-Appellees).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Jack W. Donahue, appeals from the November 5, 2015 judgment entry of the Trumbull County Court of Common Pleas granting summary judgment in favor of appellees, Orval D. Hall and Virginia M. Hall. For the following reasons, we affirm the judgment of the trial court.

### Facts & Procedural History

{¶2} In November 2013 appellant purchased a residential property from appellees in Niles, Ohio. Appellant did not obtain a professional inspection of the

residence as a condition or contingency in the performance of the Real Estate Purchase Contract. The Contract indicates appellant received and reviewed a copy of the Residential Property Disclosure Form ("RPD") before execution. In the body of the RPD, appellees indicated they did not have actual knowledge of any water, moisture, or foundation issues. The following language is also found on the front of the RPD:

> THIS FORM IS NOT A WARRANTY OF ANY KIND BY THE OWNER OR BY ANY AGENT OR SUBAGENT REPRESENTING THE OWNER. THIS FORM IS NOT A SUBSTITUTE FOR ANY INSPECTIONS. **POTENTIAL PURCHASERS ARE ENCOURAGED TO OBTAIN THEIR OWN PROFESSIONAL INSPECTION(S).** [Emphasis sic.]

{¶3} Approximately one year subsequent to the purchase, appellant filed a three-count complaint against appellees, alleging that shortly after moving into the residence, he began to experience severe problems related to water infiltration in his basement which required extensive repair work. In the first count, appellant accused appellees of knowingly making false and fraudulent representations concerning the property with the purpose of inducing appellant to purchase the property (fraudulent inducement). Count two accused appellees of failing to disclose and/or concealing the defects despite having knowledge of the defects and a duty to disclose (fraud). The third count stated appellees mistakenly represented a lack of knowledge regarding any defects and that appellant was induced to purchase the property in the belief those representations were true (mutual mistake of fact).

{¶4} Appellees subsequently filed a motion for summary judgment, to which they attached answers to interrogatories, a copy of the Contract and RPD, and a copy of a written estimate purportedly obtained by appellant for foundation repair to the

property. Appellant filed a brief in opposition and his own notarized affidavit that reiterated certain statements of belief found in his complaint.

{¶5} The trial court granted appellees' motion for summary judgment in their favor on all three counts. In its entry, the trial court stated that despite appellant's affidavit, "there is no evidence before the Court to suggest, let alone support, [appellant's] position that [appellees] fraudulently concealed or misrepresented the condition of the real estate exchanged in the transaction. [Appellant] refused to procure an inspection of the property prior to the closing of the sale and he has failed to produce any expert support in advancement of his position here."

{¶6} Appellant appealed the grant of summary judgment. While this appeal was pending, counsel for appellees filed a suggestion of death, stating Mr. Hall passed away on February 23, 2016. Pursuant to App.R. 29(A), this court issued a magistrate's order stating the appeal shall continue and be determined as if Mr. Hall was not deceased.

{¶7} Appellant has assigned one error for our review:

{¶8} "The trial court's decision to grant the appellees' motion for summary judgment constitutes reversible error."

**Standard of Review**

{¶9} Summary judgment is appropriate under Civ.R. 56(C) when (1) there is no genuine issue of material fact remaining to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and, viewing the evidence in favor of the

3

nonmoving party, that conclusion favors the moving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶10} The moving party bears the initial burden to inform the trial court of the basis for the motion and to identify those portions of the record that demonstrate there is no genuine issue of material fact to be resolved in the case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). "If this initial burden is met, the nonmoving party then bears the reciprocal burden to set forth specific facts which prove there remains a genuine issue to be litigated, pursuant to Civ.R. 56(E)." *Fed. Home Loan Mtge. Corp. v. Zuga*, 11th Dist. Trumbull No. 2012-T-0038, 2013-Ohio-2838, ¶12, citing *Dresher*, *supra*, at 293.

{¶11} We review a trial court's decision on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Thus, this court conducts an independent review of the evidence and arguments that were before the trial court without deference to the trial court's decision. *Brown v. Cty. Commrs. of Scioto Cty.*, 87 Ohio App.3d 704, 711 (4th Dist.1993).

**Fraudulent Misrepresentation & Fraudulent Concealment**

{¶12} In his complaint, appellant labeled his first two causes of action as "fraudulent inducement" and "fraud." His arguments and the trial court's judgment, however, were based on theories of fraudulent misrepresentation and fraudulent concealment. Appellant argues the pleadings clearly indicate a genuine issue of material fact exists as to whether appellees lied, "particularly concerning the affirmative written representations of material fact they made when selling their home."

{¶13} The Contract at issue contained an "as is" clause, which provided that appellant's failure to cause inspection to be made to the property "shall be construed as

4

a waiver by the Buyer and of his acceptance of the property in its 'AS IS' condition without further repair obligation to anyone." Appellant then initialed the Contract acknowledging an independent inspection was recommended, but that he declined to cause an inspection before accepting the property.

{¶14} Although an "as is" contract does relieve the seller of any duty to disclose latent defects, it does not preclude causes of action for fraudulent misrepresentation or fraudulent concealment. *Goddard v. Stabile*, 185 Ohio App.3d 485, 2009-Ohio-6375, ¶28-29 (11th Dist.); *see also Thaler v. Zovko*, 11th Dist. Lake No. 2008-L-091, 2008-Ohio-6881, ¶37-38. The doctrine of *caveat emptor* (i.e., "buyer beware") also does not preclude actions based on fraud. *Goddard*, *supra*, at ¶25.

{¶15} To prevail upon a claim of fraudulent misrepresentation, the injured party must establish the following: (1) a representation (or concealment, where there is a duty to disclose); (2) material to the transaction; (3) made falsely—with knowledge of its falsity or with utter disregard and recklessness as to its truth or falsity; (4) with the intent of misleading another into relying on it; (5) justifiable reliance; and (6) a resulting injury proximately caused by the reliance. *Id.* at ¶30 (citations omitted).

{¶16} Likewise, a successful claim of fraudulent concealment requires "'(1) actual concealment of a material fact; (2) with knowledge of the fact concealed; (3) and intent to mislead another into relying upon such conduct; (4) followed by actual reliance thereon by such other person having the right to so rely; (5) and with injury resulting to such person because of such reliance.'" *Thaler*, *supra*, at ¶39, quoting *Chamar v. Schivitz*, 11th Dist. Lake No. 2002-L-181, 2004-Ohio-1957, ¶13.

5

**{¶17}** The only document attached to appellant's complaint was a copy of the RPD. In the body of the RPD, appellees indicated they did not have actual knowledge of any of the following: (1) "previous or current water leakage, water accumulation, excess moisture or other defects to the property, including but not limited to any area below grade, basement or crawl space"; (2) "water or moisture related damage to floors, walls or ceilings as a result of flooding; moisture seepage; moisture condensation; ice damming; sewer overflow/backup; or leaking pipes, plumbing fixtures, or appliances"; (3) "previous or current movement, shifting, deterioration, material cracks/settling (other than visible minor cracks or blemishes) or other material problems with the foundation, basement/crawl space, floors, or interior/exterior walls"; (4) "previous or current flooding, drainage, settling or grading or erosion problems affecting the property."

**{¶18}** In his complaint, appellant made the following allegations:

> 5. Each of these representations was wholly and in every respect false. In truth, the Plaintiff experienced severe problems related to the undisclosed defects referenced above. Due to the aforementioned defects, the home required extensive repair work.

> 6. The Plaintiff was wholly unfamiliar with matters pertaining to the above-described problems, which could only be determined and/or ascertained by persons familiar with the conditions at the property based on their ownership and/or occupation of it. Due to these facts, the Plaintiff placed full confidence in the representations made by the Defendants and relied wholly and completely on them.

>  * * *

> 9. By reason of the falsity of the representations the property has many defects and is not suitable for the Plaintiff's use of it as a residence [and] is also not worth the price the Plaintiff agreed to pay for it.

>  * * *

6

16. Shortly after moving into the property, the Plaintiff began to experience severe problems related to water infiltration [in] his basement.

17. Due to the aforementioned defects, the home required extensive repair work.

18. The Defendants failed to disclose and/or concealed the aforementioned defects despite having knowledge of the same.

* * *

20. The Defendants intentionally failed to disclose the defects as mentioned above.

21. The Defendants intentionally concealed said defects from the Plaintiff.

22. The Plaintiff has been damaged by the Defendants' failure to disclose the defects, the Defendants' concealment of the defects, and the Defendants' misrepresentations, and the Plaintiff will continue to suffer damages.

{¶19} In their motion for summary judgment, appellees stated that appellant's claims must fail because he failed to show any evidence that appellees (1) misrepresented or concealed a material fact, (2) had knowledge of any concealment or false representation, or (3) intended to mislead appellant. Appellees further stated that appellant had produced a purported estimate for repairs, which they attached to their motion, but he had not provided any evidence of actual damages proximately caused by any fraud on the part of appellees. The purported estimate was not authenticated nor did it include any information as to the extent, if any, of water damage to the basement or foundation issues.

{¶20} Also attached to appellees' motion for summary judgment were answers to interrogatories, which showed the absence of any genuine issue of material fact to support appellant's fraud claims. Specifically, appellees acknowledged that they had

7

the basement foundation excavated and waterproofed when they purchased the house in 1981 as a precaution to avoid water problems. Although they heard from their neighbors that the previous owners had water problems, they did not observe any water problems at the time of purchase nor did they have any issues during the entire 20 years they lived in the house. In fact, they stated, "[t]he lower level of our home was used daily by everyone in the family. Most of our time was spent in the lower level. * * * We entertained there and had our Christmas tree set up in this room also. Our children's bedrooms and bathroom were off of the family room also. We considered this the main room in our house."

{¶21} We find appellees met their initial burden of informing the trial court of the basis for their motion and identifying the portions of the record that demonstrate the absence of any genuine issue of material fact regarding fraudulent intent, concealment, misrepresentation, or proximately caused damages.

{¶22} Appellant attached a self-serving affidavit to his brief in opposition to the motion for summary judgment, in which he restated the allegations and beliefs contained in his complaint. No other documents were attached, and he did not point to any evidence already in the record to support his claim that appellees fraudulently misrepresented or concealed facts material to the real estate purchase. Although his brief is replete with legal arguments that would provide him relief if his claim was established, a nonmoving party cannot survive a motion for summary judgment simply by making unsupported assertions in a self-serving affidavit. *See Citibank, NA v. Eckmeyer*, 11th Dist. Portage No. 2008-P-0069, 2009-Ohio-2435, ¶60. We therefore

8

agree with the trial court that appellant failed to set forth any evidence that proved a genuine issue of material fact remained to be litigated with regard to these claims.

**Mutual Mistake of Fact**

{¶23} Appellant's third cause of action was for "mutual mistake of fact," wherein he alternatively alleged that appellees mistakenly represented a lack of knowledge as to water or foundation issues in the basement. As a result of this alleged mistake, he argues he was induced to purchase the property in the belief that the representations were true.

{¶24} "[A] buyer is entitled to rescission of a real estate purchase contract where there is a mutual mistake as to a material part of the contract and where the complaining party is not negligent in failing to discover the mistake." *Reilley v. Richards*, 69 Ohio St.3d 352, 352-353 (1994). "A mistake is material to a contract when it is 'a mistake * * * as to a basic assumption on which the contract was made [that] has a material effect on the agreed exchange of performances.'" *Id.* at 353, quoting 1 Restatement of the Law 2d, Contracts, Mistake, Section 152(1), at 385 (1981). This rule only applies to situations where the parties are mistaken as to a material fact in existence at the time of contracting. *Doctor v. Marucci*, 11th Dist. Lake No. 2013-L-056, 2013-Ohio-5831, ¶21, citing *Mollenkopf v. Weller*, 10th Dist. Franklin No. 03AP-1267, 2004-Ohio-5539, ¶15.

{¶25} We find this court's decision in *Doctor v. Marucci* applicable to the case sub judice. In addressing the appellant's mutual mistake argument in that case, we held:

> [A]ppellants failed to establish the home had previously been
> damaged by water, particularly during the time appellees owned the

9

property. * * * Appellants' mutual-mistake argument presumes the home had an existing water problem at the time of the sale about which neither party was aware and, as a result, they each mistakenly assumed no problem existed. Appellants' argument consequently assumes what the evidence failed to establish; namely, that there was an existing water problem at the time of the sale. Without evidence of a water problem at or before the time of purchase, appellants' argument is structurally flawed.

*Id.* Likewise here, appellant provided no evidence establishing an existing water problem at the time of sale. We therefore agree with the trial court that summary judgment was appropriate on appellant's allegation of mutual mistake, in favor of appellees, as he failed to establish the existence of a genuine issue of material fact.

{¶26} Appellant's sole assignment of error is without merit.

{¶27} The judgment of the Trumbull County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

10